**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| ALAN M. GRAYSON, *et al.*, | ) | |
| | ) | No. 2:07-00593-DCN |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This matter is before the court on a motion to compel discovery brought by plaintiffs Alan M. Grayson and the AMG Trust (collectively, Grayson). Grayson asks the court to compel defendants Isle of Man Assurance, Ltd. (IOMA), Colin Bowen, and Nigel Wood (collectively, the IOM Defendants) to more completely respond to Grayson's interrogatories and requests for production of documents. For the reasons stated below, Grayson's motion to compel is granted.

## I. BACKGROUND

    On September 27, 2012, Grayson served each of the IOM Defendants with a second set of requests for production of documents as well as a second set of interrogatories. The IOM Defendants served their responses, which Grayson believes are deficient, on November 8, 2012.

## II. STANDARDS

    The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition and location of any books,

1

documents or other tangible things and the identity and location of persons who know of any discoverable matters." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Rather, information is relevant and discoverable if it relates to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). If a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete disclosure, answer, or response, "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Research, Inc. of Georgia, 852 F.2d 788, 792 (4th Cir. 1988)).

### III.  DISCUSSION

Grayson's arguments regarding the deficiency of the IOM Defendants' discovery responses center on a few particular interrogatories and requests for production. The court addresses these issues in turn.

**A. Bowen's & Wood's Discovery Responses**

    **a. Interrogatory Nos. 14 & 15**

Interrogatory No. 14 asked Bowen and Wood to "[i]dentify the number of entities for which you served as an officer, director, agent, employee, representative, or held and ownership interest (legal or beneficial) for the period of January 1, 2000 through

December 31, 2005 that did any portion of business in the United States." Pls.' Mot. Ex. 1. Bowen and Wood each replied in the negative, stating that the number of entities in which they had been so involved was zero. Pls.' Mot. Ex. 2.

> Interrogatory No. 15 asked Bowen and Wood to
>
> Identify all services provided by you to any person who resides in the United States, is a citizen of the United States, is located within the United States, is organized in the United States, has employees, agents, representatives, consultants, or personnel located in the United States, or to an entity that did any portion of its business in the United States for the period January 1, 2000 through December 31, 2005.

Pls.' Mot. Ex. 1. Grayson has since clarified its definition of services to include "any service personally performed by, or at the direction of, Wood or Bowen." IOM Defs.' Opp'n 5. Bowen and Wood each responded that they have neither "served as a director or on a board of a United States company or provided corporate governance services to any company organized under the laws of the United States." Pls.' Mot. Ex. 2. Bowen and Wood further stated that they have "not provided any services to any person who resides in, is located in or is a citizen of the United States or who has employees, agents, representatives, consultants or personnel located in the United States." Id.

Bowen and Wood argue that their answers are proper because they have not played the identified roles for any entity organized under the laws of the United States. IOM Defs.' Opp'n to Mot. to Compel 2. Bowen and Wood also argue that these interrogatories are overbroad, as they could "presumably include directorships for a company having no contacts with the United States, but having a relationship with another corporate entity that through layers of corporate affiliations 'does business' in the United States." Id. at 2-3.

Even a cursory reading of the interrogatories and answers in question demonstrates that Bowen's and Woods' answers to Interrogatories No. 14 and 15 are evasive and incomplete. Stating that they have not provided any corporate governance services to companies *organized under the laws of* the United States is not the same thing as saying that they have not provided such services to companies *doing business in* the United States. Furthermore, the IOM Defendants' overbroad reading of these interrogatories far exceeds both the plain meaning of their text and the meaning that Grayson ascribes to them.

Bowen and Wood are directed to answer Interrogatories Nos. 14 and 15, as those interrogatories have been further clarified by Grayson.

### b. Interrogatory No. 17

Interrogatory No. 17 propounded to both Bowen and Wood, respectively, asks those defendants to:

> Identify all contacts or communications that you had with persons or entities in the United States for the period of January 1, 2000 through December 31, 2005, to include but not limited to: 1) the number of all emails sent to or received from persons in the United States, or to or from entities that did any portion of business in the United States; 2) the total number and duration of all telephone calls where one party to the call was located in the United States, or is a resident of the United States, or is a representative of an entity that did any portion of its business in the United States; or 3) the total number of all facsimiles sent to or from a person or entity located in the United States, or is a resident of the United States; and 4) the total number of all pieces of correspondence sent to or received from a person or entity located in the United States, or is a resident of the United States, or is a representative of an entity that did any portion of its business in the United States.

Pls.' Mot. Ex. 1. Bowen and Wood objected to this interrogatory as overly broad, unduly burdensome, irrelevant, and not calculated to lead to the discovery of admissible evidence. Pl.'s Mot. Ex. 2. In addition to those objections, they responded that they "do

4

not maintain records of emails, phone calls, facsimiles, or correspondence" for the years 2000-2005.  Id.

> In answering interrogatories, a party is charged with knowledge of . . . what is in records available to it . . . . Though there are limits on the extent to which a party can be required to hunt out information in order to answer interrogatories, it will be required to provide facts available to it without undue labor and expense. . . . If a party is unable to give a complete answer to an interrogatory, it should furnish any relevant information that is available.

8B Charles A. Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2177 (3d ed. 1998).

Bowen and Wood's respective responses to Interrogatory No. 17 are insufficient. While it may be true that Bowen and Wood do not currently maintain records of their 2000-2005 correspondence, they can certainly explain with ease whether they ever kept those records and, if so, what happened to them.  This information would undoubtedly be relevant to Grayson's inquiry.  Furthermore, records of their own correspondence would certainly be information available to Bowen and Wood even if, as they suggest, any work done in connection with American corporations was done under the offices of Isle of Man Financial Trust (IOMFT).  Defs.'s Opp'n 5.

For these reasons, Bowen and Wood are directed to answer Interrogatory No. 17.

### c. Request for all documents referenced by and relied upon in responding to interrogatories

Bowen and Wood's objections to Grayson's document requests are based upon their objections to the related interrogatories.  As the court has already found that these interrogatories are not improper, neither is the related document request.

Bowen and Wood are directed to produce the documents requested by Grayson.

### B. IOMA's Discovery Responses – Interrogatories 17-21 and Requests for Production

IOMA objects to the interrogatories and requests for production that Grayson has propounded on the basis that Grayson seeks information relating to the operations of IOMFT, a company that IOMFT claims has nothing to do with this litigation.

As noted above, a party answering interrogatories "is charged with knowledge of . . . what is in records available to it." Wright, Miller, Kane & Marcus, supra, § 2177. A party responding to requests for production must produce any documents in its possession, custody, or control. Fed. R. Civ. P. 34(a). Control does not require legal ownership or actual physical possession of documents at issue; rather "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 515 (D. Md. 2009) (internal quotations omitted).

Despite IOMA's protests to the contrary, IOMFT and IOMA are clearly related entities with overlapping directors and staff. For example, Bowen and Wood have simultaneously been directors and employees of IOMA and IOMFT. See Pl.'s Mot. Ex. 3 at 18, 21; Defs.' Opp'n 6-8. In addition, IOMA's own discovery responses demonstrate that it can answer on behalf of IOMFT when it is convenient for IOMA to do so. See Pl.'s Mot. Ex. 2 (IOMA's answer to Interrogatory No. 18 includes information about IOMFT).

IOMA's discovery responses are lacking, and therefore IOMA is directed to respond fully to Grayson's interrogatories and requests for production.

### III.  CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Grayson's motion to compel discovery, ECF No. 879.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 8, 2013**
**Charleston, South Carolina**