**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| ALAN M. GRAYSON, *et al.*, | ) | |
| | ) | No. 2:07-00593-DCN |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This matter is before the court on a motion to compel discovery brought by defendants Vision International People Group, P.L. (Vision). Vision asks the court to compel plaintiffs Alan M. Grayson and the AMG Trust (collectively, Grayson) to produce additional information and documents concerning the stocks that Grayson's expert considered in his determination of Grayson's damages. For the reasons stated below, Vision's motion to compel is granted in part and denied in part.

## I.  BACKGROUND

    Vision served its second set of requests for production and second set of interrogatories on Grayson sometime during the fall of 2012. These discovery requests included two interrogatories – Vision's twenty-fifth and twenty-sixth – and one request for production. Grayson responded to Vision's discovery requests on December 3, 2012 by objecting to all three requests.

## II.  STANDARDS

    The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense,

1

including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons who know of any discoverable matters." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Rather, information is relevant and discoverable if it relates to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). If a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete disclosure, answer, or response, "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Research, Inc. of Georgia, 852 F.2d 788, 792 (4th Cir. 1988)).

### III. DISCUSSION

Vision seeks discovery relating to Grayson's stock holdings and the damages he allegedly suffered as a result of participating in Charles Cathcart's stock loan program.

**A. Vision's Twenty-Fifth Interrogatory**

Vision's twenty-fifth interrogatory states:

List the tax basis for each stock holding considered by Plaintiff's expert Leroy E. Strickland II in his report and calculation of Plaintiff Grayson's alleged damages, including but not limited to those stock holdings listed in Exhibit 15 to the Expert Report of Leroy E. Strickland II.

2

Def.'s Mot. to Compel Discovery, Ex. 1, ECF No. 893. Vision argues that the information it seeks is "relevant and admissible because it bears on the amount of Plaintiffs' damages." Def.'s Mot. 2. Vision contends that "[i]n order to evaluate Grayson's damages on a rescission theory, capital gains and losses on <u>all</u> the stocks which he submitted as collateral to Derivium are relevant." <u>Id.</u> at 3. Grayson responds that Vision has failed to demonstrate that the tax basis of each stock is relevant and that this information is tantamount to asking for Grayson's tax returns, a practice long disfavored by the federal courts. Pls.' Resp. in Opp'n to Mot. to Compel 3-5.

The information that Vision seeks through this interrogatory meets the relatively lenient standard of relating to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund</u>, 437 U.S. at 351. Grayson's insistence that his theory of damages is the correct one is not reason enough to prevent Vision from obtaining discovery that may support its own theory of damages.

Furthermore, this interrogatory focuses on and seeks information about only those of Grayson's stocks that are at issue in this case. Vision requests neither Grayson's tax returns nor "a roving commission to get . . . the details of a business that may have no relevancy to the lawsuit, but which would be delectable nuggets of information for a competitor." <u>Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.</u>, 40 F.R.D. 480, 482 (D.S.C. 1966).

Grayson is directed to respond to Vision's twenty-fifth interrogatory.

**B. Vision's Twenty-Sixth Interrogatory**

Vision's twenty-sixth interrogatory asks Grayson to:

3

> Give the full corporate name and stock exchange symbol for each stock holding considered by Plaintiff's expert Leroy E. Strickland II in his report and calculation of Plaintiff Grayson's alleged damages, including but not limited to those stock holdings listed in Exhibit 15 to the Expert Report of Leroy E. Strickland II.

Def.'s Mot., Ex. 1. Grayson objects that this interrogatory seeks information already provided to Vision through the production of Grayson's stock loan documentation. Grayson also objects that this interrogatory falls outside Vision's limit of 25 interrogatories.

Grayson states that he has already provided Vision with the full corporate name and stock exchange symbol of each stock holding that Strickland considered because he has provided all of the defendants, including Vision, with "schedules" that describe each of the stock loans that Grayson made to Charles Cathcart. Pls.' Opp'n 1-2. These schedules show the full corporate name and stock exchange symbol for each stock that was the subject of a loan. Grayson avers that the schedules provided represent all of the stocks that Strickland considered when making his report. Id. at 2.

Because Grayson has already provided the requested information, this portion of Vision's motion to compel is denied. As a result, the court need not address the propriety of Vision's propounding a twenty-sixth interrogatory.

### C. Vision's Request for Production

Finally, Vision requests:

> All documents within [Grayson's] custody or control evidencing the tax basis for each stock holding considered by Plaintiff's expert Leroy E. Strickland II in his report and calculation of Plaintiff Grayson's alleged damages, including but not limited to those stock holdings listed in Exhibit 15 to the Expert Report of Leroy E. Strickland II.

4

Def.'s Mot., Ex. 1.  Because the court has already determined that Grayson must provide the information requested by Vision in the twenty-fifth interrogatory, it follows that this request for production is also proper and must be answered.

### III.  CONCLUSION

For the foregoing reasons, the court hereby **GRANTS IN PART AND DENIES IN PART** Vision's motion to compel discovery, ECF No. 893.  Although Grayson is ordered to respond to Vision's discovery requests as directed above, Alan Grayson's tax returns need not be produced unless directed by a further order of this court.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 9, 2013**
**Charleston, South Carolina**