**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| ALAN M. GRAYSON, *et al.*, | ) | |
| | ) | No. 2:07-cv-00593-DCN |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| GRAYSON CONSULTING, INC., | ) | |
| | ) | No. 2:07-cv-02992-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| GRAYSON CONSULTING, INC., | ) | |
| | ) | No. 2:08-cv-03129-DCN |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JONATHAN SANDIFER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This scarecrow of a suit has, in course of time, become so complicated that no man alive knows what it means. . . . The little plaintiff or defendant who was promised a new rocking-horse when [the case] should be settled has grown up, possessed himself of a real horse, and trotted away into the other world.[1]

After more than eleven years of protracted litigation across at least twelve related federal lawsuits, these matters are before the court on three pending motions filed by

---

[1] Charles Dickens, <u>Bleak House</u>.

1

plaintiffs Alan Grayson, the AMG Trust, and Grayson Consulting, Inc., in the following cases: (1) Grayson v. Cathcart, Docket No. 2:07-cv-00593 ("the '593 Case"); (2) Grayson Consulting, Inc. v. Cathcart, Docket No. 2:07-cv-02992 ("the '2992 Case"); and (3) Grayson Consulting, Inc. v. Sandifer, Docket No. 2:08-cv-3129 ("Sandifer"). The first is a motion for judgment as a matter of law or, in the alternative, for entry of default or default judgment, against defendants Nigel Wood ("Wood"), Tsuei Consultants, LLC ("Tsuei"), and Clifford Lloyd ("Lloyd") that has been filed in both the '593 Case and the '2992 Case. The second is a motion for default judgment against defendant Metarizon, LLC ("Metarizon") that has been filed in the '593 Case and Sandifer. The third is a motion for entry of judgment against defendant Wood that has been filed in the '593 Case. For the reasons that follow, the court grants the second and third motions. The court also grants the alternative motion for default judgment against Wood, Tsuei, and Lloyd.

## I. BACKGROUND

Because the parties are well-acquainted with the extensive factual and procedural history of this case, the court provides only a brief procedural summary of the pending motions.

Wood was initially represented by counsel in this case, but those attorneys were relieved on November 4, 2013. Order at 2, '593 Case ECF No. 1087. The court's order also stated that Wood would be deemed to be proceeding pro se if he did not obtain new counsel within 30 days. Id. On December 5, 2013, Wood notified the court that he was attempting to obtain counsel; in the meantime, he provided the court with his personal

contact information so that he could be listed as a pro se party.  See '593 Case ECF No. 1113.

On January 6, 2014, Alan Grayson and the AMG Trust (collectively, "Grayson") filed a motion for summary judgment as to Wood on the fourth, fifth, and thirteenth claims of the third amended complaint in the '593 Case.  The court granted the unopposed motion on February 11, 2014.  On May 22, 2014, Grayson filed the pending motion for entry of judgment on the three disposed-of claims.  Grayson seeks an award of $32,823,722.10 plus prejudgment and post-judgment interest.  Wood has not opposed this motion.

On May 21, 2014, Grayson and Grayson Consulting filed the pending motion for judgment as a matter of law as to several claims brought against Wood in the '593 Case and against Lloyd and Tsuei in the '2992 Case.  In the alternative, Grayson and Grayson Consulting seek entry of default or of default judgment on these claims.  The clerk of court entered default against these defendants on the same day, per plaintiffs' alternative request.  The motion for judgment as a matter of law or, in the alternative, for default judgment, is unopposed.

On March 24, 2014, Metarizon filed a motion "to withdraw its answer and to allow default to be entered against it" on the basis that it had ceased business operations and its principal, Jonathan Sandifer, had entered Chapter 7 bankruptcy.  Metarizon Mot. to Withdraw Answer 1-2, Sandifer ECF No. 109.  The court granted Metarizon's motion on April 11, 2014, and the clerk entered default as to Metarizon on the same day.  On May 22, 2014, Grayson and Grayson Consulting filed the pending motion for default

judgment against Metarizon in both the '2992 Case and Sandifer. This motion is also unopposed.

## II. DISCUSSION

Though plaintiffs have had ample time to pursue their claims against the few remaining defendants, their three pending motions do not address all of the claims that remain in the '593 Case, the '2992 Case, and Sandifer. The court interprets plaintiffs' silence as voluntary dismissal and will dismiss any claims not discussed in the three pending motions. The court now addresses those motions in turn.

### A. Motion for Judgment as a Matter of Law As to Wood, Lloyd, and Tsuei or, in the Alternative, for Default or Default Judgment

Plaintiffs seek judgment as a matter of law against Wood, Lloyd, and Tsuei with respect to a number of claims in both the '593 Case and the '2992 Case. In support of their motion, plaintiffs provide an avalanche of evidence implicating Wood, Lloyd, and Tsuei as participants in the 90% Stock Loan Program. Plaintiffs also rely on the sworn declaration of Mr. Leroy E. Strickland II, a well-qualified accountant whose damages calculations equal the amount requested. In the alternative, plaintiffs request entry of default or default judgment against these defendants on these claims.

Under Rule 55(a) of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b) provides two avenues for entry of default judgment. The clerk of court may enter a default judgment at plaintiff's request if the plaintiff's claim is for a sum certain; otherwise, the non-defaulting party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2). The law disfavors default judgments and favors

resolution of claims on their merits.  10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2681 (3d ed. 1998).  Nevertheless, it is well-settled law that "although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir.1982) (citations omitted).  This power "is one inherent in the courts in the interest of the orderly administration of justice [and] may be exercised sua sponte under proper circumstances." Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir. 1968) (internal quotations omitted); accord Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 614 (2d Cir. 1964); Singapore Tong Teik PTE Ltd v. Coppola, No. 04-cv-3440, 2007 WL 2375796, at *4 (E.D.N.Y. Aug. 17, 2007); Guardian Life Ins. Co. of Am. v. Spencer, No. 10-cv-0004, 2011 WL 39089, at *1 (W.D. Va. Jan. 5. 2001).

Wood has appeared pro se in the '593 Case since December 2013.  Lloyd was originally represented by counsel in the '2992 Case, but has appeared pro se since July 8, 2013.  Tsuei has appeared pro se in the '2992 Case since March 4, 2014.[2]  Since appearing pro se, Wood, Lloyd, and Tsuei have all failed to participate in this litigation.  They have neither filed motions, responded to the motions filed against them, nor appeared for the trial held in April 2014.  Additionally, Lloyd has failed to comply with the court's February 5, 2013 order directing him to pay attorneys' fees as a sanction for

---

[2] Tsuei was also initially represented by counsel in the '2992 Case.  On March 4, 2014, counsel moved to be relieved on the basis that Tsuei "has ceased doing business, was dissolved as a corporation by the State of Nevada on March 23, 2011, has no assets and substantial debts, and has no money to pay for continued legal representation."  J. Kevin Holmes' Mot. to be Relieved as Counsel 1, '2992 Case ECF No. 714.  Counsel noted that Franklin Thomason, Tsuei's former president, "understands [that] not having representation during the trial may result in a judgment being entered against Tsuei Consultants, Inc." Id. at 2.  The court granted counsel's motion on the day it was filed.

5

his failure to comply with Magistrate Judge Bruce Howe Hendricks' discovery orders. Because Wood, Lloyd, and Tsuei have utterly failed to defend themselves in the '593 and '2992 Cases, the court finds that the entry of default judgment is appropriate. The court also finds that plaintiffs have sufficiently proved the amount of damages owed through Mr. Strickland's valuation of plaintiffs' losses and through exhibits presented at trial that identified Grayson Consulting's losses.

### B. Motion for Default Judgment as to Metarizon

Plaintiffs also move for entry of default judgment against Metarizon in the '593 Case and in Sandifer. As noted above, the clerk of court entered default against Metarizon on April 11, 2014. As Metarizon has withdrawn its answer in both cases and has – like Wood, Lloyd, and Tsuei – failed to defend these cases in any way, the court finds that the entry of default judgment is appropriate. The amount of damages awarded is derived from Mr. Strickland's sworn declaration.

### C. Motion for Entry of Judgment Against Wood

Finally, the court has already granted summary judgment against Wood on the fourth, fifth, and thirteenth causes of action contained in the '593 Case's third amended complaint. Grayson now asks the court to enter judgment against Wood in the amount of $32,823,722.10 plus prejudgment and post-judgment interest. In support of this request, Grayson has provided Mr. Strickland's sworn declaration. The court again finds the declaration persuasive. Moreover, Grayson's motion for entry of judgment is unopposed. For these reasons, the court grants Grayson's motion.

### III.  CONCLUSION

In light of the foregoing, the court **GRANTS** plaintiffs' alternative motion for default judgment against Wood, Lloyd, and Tsuei.  '593 Case ECF No. 1220; '2992 Case ECF No. 784.  The court also **GRANTS** plaintiffs' motion for default judgment against Metarizon.  '593 Case ECF No. 1222; Sandifer ECF No. 122.  Finally, the court **GRANTS** Grayson's motion for entry of judgment against Wood.  '593 Case ECF No. 1223.  Judgment is entered against these defendants as follows:

1. In the '593 Case, judgment is entered against Wood as to the third, fifth, seventh, tenth, eleventh, twelfth, and thirteenth causes of action in the amount of $30,823,722.10.[3]  As to the sixth cause of action, the civil RICO claim, treble damages are awarded against Wood in the amount of $92,471,166.30.

2. In the '593 Case, judgment is entered against Metarizon as to the third, fifth, seventh, tenth, eleventh, thirteenth, and fourteenth causes of action in the amount of $30,823,722.10.  As to the sixth cause of action, the civil RICO claim, treble damages are awarded against Metarizon in the amount of $92,471,166.30.

3. In the '2992 Case, judgment is entered against Lloyd as to the second and third causes of action in the amount of $5,965,000.00.  As to the fifteenth cause of action, the civil RICO claim, damages are awarded against Lloyd in the amount of $150,478,525.79.  Trebled, these damages amount to $451,435,577.37.

4. In the '2992 Case, judgment is entered against Tsuei as to the second, third, fourth, fifth, and seventh causes of action in the amount of $77,000.00.

5. In Sandifer, judgment is entered against Metarizon as to the second, third, fourth, and fifth causes of action in the amount of $248,513.00.

---

[3] The court does not enter judgment against Wood or Metarizon on the fourth cause of action in the '593 Case because, as determined during the April 2014 trial, South Carolina law does not recognize a cause of action for aiding and abetting fraud.  The court's February 11, 2014 order granting summary judgment against Wood on the fourth cause of action in the '593 Case should be interpreted accordingly.

7

All of these judgments shall be subject to pre- and post-judgment interest at the statutory rate.

The '593 Case and Sandifer have been stayed as to defendant Jonathan Sandifer pursuant to his declaration of Chapter 7 bankruptcy. As a result, all claims brought against Sandifer must remain pending. However, the court hereby **DISMISSES** any and all remaining claims against all other defendants that have not otherwise been addressed by this order.

> So we beat on, boats against the current, borne back ceaselessly into the past.[4]

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 20, 2014**
**Charleston, South Carolina**

---

[4] F. Scott Fitzgerald, The Great Gatsby.